UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------------
GOVERNMENT EMPLOYEES INSURANCE
CO., GEICO INDEMNITY CO., GEICO GENERAL                Index No.: 10-CV-04341
INSURANCE COMPANY and GEICO CASUALTY, CO.,                         (IIG) (RML)

                              Plaintiffs,

     -against-

HOLLIS MEDICAL CARE, P.C.,
PRASAD CHALASANI, M.D.,
ELIZABETH GOLDSTEIN, M.D.,
DAVID HSU, M.D.,
SIMON DAVYDOV,
MIKHAIL DAVYDOV,
RUBEN DAVYDOV,
EMANUEL DAVID,
BERTA NEKTALOV,
SOPHIA DAVID, and
JOHN DOE "1" through "10",

                              Defendants.
------------------------------------------------------------------------

**REPLY MEMORANDUM**

                              MATTHEW J. CONROY & ASSAOCIATES, P.C.
                              *Attorneys for Defendants*
                              David Hsu, M.D., Elizabeth Goldstein, M.D.
                              Hollis Medical Care, P.C.
                              350 Old Country Road - Suite 106
                              Garden City, New York 11530
                              (516) 248-2425

Of Counsel:
Matthew J. Conroy
Maria C. Diglio

**TABLE OF CONTENTS**

**PAGE**

ARGUMENT..................................................................................................................................1

POINT I  THE COMPLAINT FAILS TO MEET THE PLEADING
STANDARDS REQUIRED BY *TWOMBLY* AND
*IQBAL*, AND SHOULD BE DISMISSED .................................................................1

POINT II  GEICO HAS FAILED TO PROPERLY PLEAD
RICO AND FRAUD CLAIMS ...................................................................................5

A.  There Is No Different, Relaxed Rico And Fraud Pleading
Standard In The Second Circuit For No-Fault Actions  ...................................................5

POINT III  GEICO HAS FAILED TO PLEAD OPEN-ENDED CONTINUITY.....................6

POINT IV  NEW YORK'S 30-DAY RULE BARS THIS ACTION ...............................................7

CONCLUSION................................................................................................................7

# **TABLE OF AUTHORITIES**

**CASES** **PAGE**

*Allstate v. Halima,*
2009 WL 750199 (E.D.N.Y. Mar. 19, 2009) .................................................................................. 3, 4, 5

*Allstate v. Valley Physical Medicine,*
2009 WL 3245388 (E.D.N.Y. Sept. 30, 2009) ............................................................................... 3, 4, 5

*Ashcroft v. Iqbal,*
__ U.S. __, 129 S.Ct. 1937, 1950 (2009) .......................................................................................... 1, 2

*State Farm v. CPT Medical Services,*
2008 WL 4146190 (E.D.N.Y. Sept. 5, 2008) ..................................................................................... 3, 4

*State Farm v. Grafman,*
655 F. Supp. 2d 212 (E.D.N.Y. 2009) ................................................................................................ 3, 4

# ARGUMENT

## POINT I

### THE COMPLAINT FAILS TO MEET THE PLEADING STANDARDS REQUIRED BY *TWOMBLY* AND *IQBAL*, AND SHOULD BE DISMISSED

As set forth in Defendants' moving brief, the *Twombly* court stated: " a complaint attacked by a Rule 12(b)(6) motion to dismiss . . . requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." 550 U.S. 544, 555, 127 S.Ct. 1955, 1965 (2007) (citations omitted). Legal and factual conclusions can be ignored, and the allegations must seem more probable than just conceivable. *Id.*

More recently, in *Ashcroft v. Iqbal*, the Supreme Court identified a two-pronged test for a motion to dismiss:

> [A] court considering a motion to dismiss can . . . begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth. . . . When there are well-pleaded factual allegations, a court should . . . then determine whether they plausibly give rise to an entitlement to relief.

__ U.S. __, 129 S.Ct. 1937, 1950 (2009). The conclusory allegations in *Iqbal* are extremely similar to those in the instant action:

> We begin our analysis by identifying the allegations in the complaint that are not entitled to the assumption of truth. Respondent pleads that petitioners "knew of, condoned, and willfully and maliciously agreed to subject [him]" to harsh conditions of confinement "as a matter of policy, solely on account of [his] religion, race, and/or national origin and for no legitimate penological interest." The complaint alleges that Ashcroft was the "principal architect" of this invidious policy, and that Mueller was "instrumental" in adopting and executing it. These bare assertions, much like the pleading of conspiracy in Twombly, amount to nothing more than a "formulaic recitation of the elements" of a constitutional discrimination claim . . . . . As such, the allegations are conclusory and not entitled to be assumed true. To be clear, we do not reject these bald allegations on the ground that they are unrealistic or nonsensical. . . . It is the conclusory nature of respondent's allegations, rather than their

1

> extravagantly fanciful nature, that disentitles them to the presumption of truth.

129 S.Ct. at 1951 (citations omitted). Summing up, the Court stated:

> Rule 8 marks a notable and generous departure from the hyper-technical, code-pleading regime of a prior era, but it does not unlock the doors to discovery for a plaintiff armed with nothing more that conclusions.

129 S.Ct. at 1950.

In the case at bar, even the "facts" highlighted and quoted at 19-20 of GEICO'S brief as representing their best, are simply bald conclusions and allegations. Indeed, GEICO itself does not even refer to these as "facts," but rather "detailed contentions." The first is that the Management Defendants paid Drs. Chalasani, Goldstein and Hsu to falsely represent that they were the "true owners" of Hollis. But GEICO does not even know who the "Management Defendants" are, much less whether anything was "paid," and according to New York State, each of the actual owners are or were the "true owner."

GEICO further alleges that the Management Defendants "control the day-to-day operations," through "various fraudulent arrangements relating to the management, marketing, billing and collection work at Hollis." The Plaintiff would then have the Court believe that the Defendants have a fraud within a fraud, yet no details or specifics are mentioned concerning the "various fraudulent arrangements." See Complaint at ¶40.

GEICO actually goes so far as to **allege** that it must be accepted as true that – as GEICO *alleges* – the Moving Defendants and their co-Defendants have falsely represented that the physician owners own . . . Hollis in order to steal money from GEICO. GEICO's Brief at 20. The obvious truth is that the actual owners, Drs. Chalasani, Goldtein and Hsu do own Hollis, and the Complaint

2

correctly asserts this. What GEICO wants the Court to find is that their ownership of Hollis is fraudulent. But that is not a fact; that's a legal conclusion.

Contrast the pleadings in the instant matter with those in *Allstate v. Valley Physical Medicine*, 2009 WL 3245388 (E.D.N.Y. Sept. 30, 2009), *State Farm v. Grafman,* 655 F. Supp. 2d 212 (E.D.N.Y. 2009), *State Farm v. CPT Medical Services,* 2008 WL 4146190 (E.D.N.Y. Sept. 5, 2008), and *Allstate v. Halima,* 2009 WL 750199 (E.D.N.Y. Mar. 19, 2009), all cited by GEICO as having "substantially similar" factual allegations. In *Valley*, defendant Dr. Lahiri had already pleaded guilty to defrauding insurance companies, and had lost his license. Moreover, both the Complaint and the decision reference that discovery in a prior case had produced both testimony and documents evidencing that a non-physician defendant actually owned the P.C.s. 2009 WL 3245388*2. In *Halima* and *CPT Medical*, the basis of the allegations was that the "CPT Tests" at issue were of no medical value, and the Complaints in those actions came armed with citations to medical journals and scientific reports confirming this "fact." Additionally, the *Halima* court is quick to point out that:

> Plaintiffs have submitted affidavits of two physicians who Management Defendants represented to Plaintiffs as having prescribed CPT and J-Techs tests. In the affidavits, however, these physicians deny having prescribed, or having knowledge of, these tests.

2009 WL 750199*2. The *Halima* court had sworn affidavits to substantiate and confirm the allegations in the Complaint. Furthermore, the *Halima* Plaintiffs demonstrated that the defendants submitted forms with "incorrect billing codes to "materially misrepresent the nature of the tests,"" so that the mailings were inherently fraudulent. *Id.*

In *Grafman*, plaintiffs stated a fraudulent scheme to inflate prices ten-fold, by documenting selling prices of durable medical equipment at a fraction of the prices alleged by

3

defendants. 655 F. Supp. 2d 212, 218 (E.D.N.Y. 2009). The *Grafman* Complaint was 141 pages (excluding exhibits) of detailed facts and exact descriptions of dates, places, amounts, specific individuals, individual defendants' criminal records, etc. Included as Exhibits were multiple affidavits, copies of cashed checks, even a "District Attorney's Case Summary" concerning the kickbacks alleged in the Complaint. A copy of the Amended Complaint, without exhibits, is annexed to the moving co-defendants' reply papers as Exhibit "2." In 49 Exhibits attached to the Complaint, plaintiffs provided concrete documentary evidence that the bills submitted by the defendants were false. An example cited in the Complaint was the submission by defendants of an invoice for 11 pieces of durable medical equipment, as proof of purchase for 25 separate items upon which it sought reimbursement. The court took notice of the "detailed description of how and why Milan was fraudulently incorporated." 655 F. Supp. 2d at 222.

In the case at bar, there are no similar, concrete, factual allegations. There is no sworn substantiation, no testimony, no affidavits, no medical journals, no guilty pleas, no revoked licenses, no fraudulent billing codes, no precise amounts, no exact dates, no criminal records, no "District Attorney's Case Summary," no "facts" to back up the accusations. It's all just accusations. There is no real evidence presented that any of the medical treatment was unnecessary or unperformed. Because the owner doctors are admittedly New York State licensed doctors, and listed by New York State as the owners of Hollis, the Court does not have to accept as true – as GEICO asserts it must – that they do not or did not own Hollis. GEICO has made a quantum leap to conclude that a misrepresentation was made in the mailing alleged to be predicate acts. Contrasting the mailings in *Halima which* were alleged to be inherently fraudulent because they falsified billing codes, and inherently fraudulent in *Valley* and *CPT Medical Services* because they sought payment for medically valueless testing, it is simply the *unsupported conclusion* in the case at bar

4

that Drs. Chalasani, Goldstein and Hsu are or were not the actual owners of Hollis that would render these mailings fraudulent. Without accepting that unspecified and general *conclusory allegation*, the mailings were 100% proper.

## POINT II

## GEICO HAS FAILED TO PROPERLY PLEAD RICO AND FRAUD CLAIMS

### A. There Is No Different, Relaxed Rico And Fraud Pleading Standard In The Second Circuit For No-Fault Actions

GEICO asserts that there exists in this Court a separate, distinct, and relaxed pleading requirement when dealing with "large-scale fraudulent no-fault schemes," and suggests that the Court is free to disregard "generalized rules of fraud and mail fraud pleading." GEICO Brief at 21. This is pure nonsense, and this is the reason why a RICO Statement in this action is mandated. GEICO again at 22 restates the Complaint's "allegations;" that the Management Defendants paid the doctors to use their licenses to fraudulently incorporate Hollis to submit fraudulent bills to GEICO, and that the management defendants actually own the PC. GEICO believes that simply alleging a fraud and a RICO scheme is all that pleading requires – facts optional. This is not the law. Simply saying it is not enough. Facts are required, and the absence of facts is what distinguishes this action from *Halima,* or *Valley,* or the other cases cited by GEICO. Indeed, while again quoting *Halima*, GEICO fails to realize that there was *factual support* for the allegations of fraudulent mailing – CPT Tests have no medical value. Contrast that with the case at bar, where the only thing to support the *allegation* of fraudulent mailing is the *allegation* of fraudulent ownership, and the only thing to support the *allegation* of fraudulent ownership is the loose *allegation* that management defendants paid Gabinskaya for her license. There are no *facts* in the Complaint.

Concerning scienter, GEICO asserts at 25 that "the Complaint . . . alleges *facts* that constitute *strong circumstantial evidence* . . . ." (emphasis added). First, as set forth above, there are no

5

"facts." Second, the "strong circumstantial evidence" is that Hollis submitted bills. But that is what all medical facilities do with insurance carriers. That's how doctors get paid. That is business as usual, and its only a demonstration of scienter if the bills were fraudulent, and that is only an *unsubstantiated, conclusory allegation*. There is no *evidence* which could be entered in any court which would support proof of scienter.

## POINT III

### GEICO HAS FAILED TO PLEAD OPEN-ENDED CONTINUITY

GEICO asserts that it has pleaded open-ended continuity because "the Hollis enterprise is engaged in inherently unlawful acts." GEICO Brief at 28. Again, this is simply not true. Hollis is engaged in providing medical services. Medical services are not inherently unlawful. The Physician defendants are not practicing medicine without licenses. Contrast this with the cases in defendant's moving brief citing murder-for-hire, narcotics trafficking, embezzlement and extortion, which are inherently unlawful. The difference is glaring.

Realizing the lack of merit in this argument, GEICO next argues that even if Hollis is not inherently unlawful, "GEICO has *alleged* that the predicate acts of mail fraud are the regular way that the Moving Defendants and their co-Defendants operate Hollis." GEICO Brief at 28. Again, no fact supports this contention. It is a fact that the "regular way" of operating a medical facility is to seek reimbursement from insurance carriers by mail. But here, that is all that is shown. The mailings are only fraudulent because GEICO says they're fraudulent. GEICO further states that "acts of mail fraud therefore are essential in order for Hollis to function." Again, it is only "acts of mail[ing]" that are "essential in order for Hollis [or any medical facility] to function." Indeed, it is this ease of asserting mail fraud simply by showing mailings and asserting fraud, that has caused

6

many courts to question RICO claims based solely on mail fraud.  *See* Defendant's Moving Brief at 15-16.

Finally, GEICO alleges that "Hollis continues to submit fraudulent billing for treatments allegedly provided to patients prior to July 2010." See Plaintiff's Brief at 30, n. 11.  The Complaint plainly states that Hollis has not been in business since July 2010.  By their own pleading GEICO acknowledges that open-ended continuity cannot be demonstrated.

## POINT IV

## NEW YORK'S 30-DAY RULE BARS THIS ACTION

GEICO states that every court that has considered this argument has held that affirmative lawsuits for fraud and unjust enrichment are not barred by the 30-day rule.  GEICO's statement is false, and such case law is both cited and quoted in defendant's moving brief.  *See* Defendant's Moving Brief, at 23-25.

## CONCLUSION

Ultimately GEICO uses the word "allegations" for 40 pages.  Nowhere does it state unequivocally, "THIS IS A FACT."  In the 40 pages of GEICO's Brief, the word "fact" is not used even once concerning statements in the Complaint.  The word "allegations" is used dozens, if not hundreds, of times.  Allegations is all that the Complaint contains, and that is insufficient to plead a cause of action for fraud or RICO.

For all of the foregoing reasons and authorities, the Complaint should be dismissed, together with such other and further relief as the Court deems just and equitable.

Dated: Garden City, New York
       February 18 2011

                            Respectfully submitted,

                            MATTHEW J. CONROY & ASSOCIATES, P.C.

                            By:    /s/ Matthew J. Conroy
                                    Matthew J. Conroy
                                    Maria C. Diglio
                                    Attorneys for Defendants
                                    *David Hsu, M.D., Elizabeth Goldstein, M.D.*
                                    *Hollis Medical Care, P.C.*
                                    350 Old Country Road - Suite 106
                                    Garden City, New York 11530

## CERTIFICATE OF SERVICE

      I, Matthew J. Conroy do hereby certify that a true and accurate copy of the foregoing was served upon all counsel of record in this matter by ECF, email and US Mail 1st Class postage prepaid this 18th day of February 2011.

                                              /s/ Matthew J. Conroy
                                              Matthew J. Conroy