UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
GOVERNMENT EMPLOYEES INSURANCE CO.,     Docket No.: CV 10-4341 (ILG) (RML)
et al.,

                                 Plaintiffs,

       -against-
                                                   **DATE OF SERVICE:**
HOLLIS MEDICAL CARE, P.C., et al.,                 **November 1, 2011**

                                 Defendants.
-----------------------------------------------------------------X

## PLAINTIFFS' REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF MOTION TO RECONSIDER ORDER PARTIALLY GRANTING DEFENDANTS' MOTION TO DISMISS

                                                         Barry I. Levy (BL 2190)
                                                         Michael A. Sirignano (MS 5263)
                                                         Max Gershenoff (MG 4648)
                                                         Frank P. Tiscione (FT 5396)
                                                         Tamika N. Hardy (TH 0569)
                                                         RIVKIN RADLER LLP
                                                         926 RXR Plaza
                                                         Uniondale, New York 11556
                                                         (516) 357-3000

                                                         *Counsel for Plaintiffs, Government*
                                                          *Employees Insurance Co., GEICO Indemnity*
                                                         *Co., GEICO General Assurance Company*
                                                         *and GEICO Casualty Co.*

**PRELIMINARY STATEMENT**

Plaintiffs Government Employees Insurance Co., GEICO Indemnity Co., GEICO General Insurance Company and GEICO Casualty Co. (collectively "GEICO" or "Plaintiffs") respectfully submit this reply memorandum of law in further support of their motion for an Order, pursuant to Local Civil Rule 6.3:

(i) permitting reconsideration of the Court's September 1, 2011 Order (the "September 1st Order")(see Docket No. 69), which granted, in part, the motion by Defendants Emanuel David, Sophia David, Mikhail Davydov, Ruben Davydov, Simon Davydov, and Berta Nektalov (the "Moving Defendants") to dismiss Plaintiffs' Second and Third Causes of Action without prejudice, and which, sua sponte, dismissed Plaintiffs' Fourth Cause of Action as against Defendants John Does "1" through "10" (the "John Doe Defendants"); and

(ii) upon reconsideration, denying the Moving Defendants' motion to dismiss in all respects, and reinstating Plaintiffs' Second, Third, and Fourth Causes of Action in their entirety.

GEICO's opening papers on this motion set forth, in great detail, the controlling authorities that the Court overlooked, misinterpreted, and misapplied in the September 1st Order. In opposition to the present motion, the Moving Defendants do not dispute that the authorities cited by GEICO: (i) are controlling; (ii) were overlooked by the Court in the September 1st Order; (iii) were misinterpreted and misapplied by the Court in the September 1st Order; and (iv) if properly considered and applied, should have resulted in the denial of the Moving Defendants' motion to dismiss GEICO's Second, Third, and Fourth Causes of Action.

Instead, the Moving Defendants fall back on a disingenuous contention that GEICO improperly is attempting to advance new arguments and authorities on reconsideration that it did not raise in opposition to the underlying motion to dismiss. As set forth herein, the Moving Defendants' argument rests on the following, fundamentally inequitable facts:

(i) On the underlying motion to dismiss, the Moving Defendants never argued that GEICO's RICO claims against them should be dismissed because there was a lack

of distinctiveness between the Moving Defendants, as the RICO "persons", and Hollis Medical, P.C. ("Hollis"), as the RICO "enterprise".[1]

(ii) By extension, on the underlying motion to dismiss the Moving Defendants never cited to <u>Crab House of Douglaston, Inc. v. Newsday, Inc.</u>, 2011 U.S. Dist. LEXIS 75181 at * 22 (E.D.N.Y. 2011), or to <u>Riverwoods Chappaqua Corp. v. Marine Midland Bank, N.A.</u>, 30 F.3d 339, 344 (2d Cir. 1994), for the proposition that GEICO's RICO claims against them should be dismissed because there was a lack of distinctiveness between the alleged RICO "persons" and the alleged RICO "enterprise".

(iii) In the September 1st Order, the Court – on its own initiative, and without any written or oral argument on the subject – determined that, pursuant to <u>Crab House</u> and <u>Riverwoods</u>, there was insufficient distinctiveness between Hollis, as the RICO "enterprise", and the Moving Defendants, as the RICO "persons", to hold the Moving Defendants liable under RICO.

(iv) Because the Moving Defendants never argued that lack of distinctiveness provided any ground for dismissal of GEICO's RICO claims against <u>them</u>, never cited to <u>Crab House</u> and <u>Riverwoods</u>, and because the Court arrived at these grounds for dismissal based on its own initiative, GEICO never had the opportunity to address this argument and these authorities on the underlying motion to dismiss.

In an attempt to exploit this inequity, the Moving Defendants devote the bulk of their papers to the general rule that a party may not raise, on reconsideration, new arguments or authorities that were not before the Court on the underlying motion. However, there are exceptions to this rule that clearly cover the present situation. As set forth herein, and in GEICO's opening papers, where a Court, in issuing a decision, relies on a ground that was not raised or argued by the parties, reconsideration should be granted to permit an aggrieved party to contest the ground relied upon by the Court – even if it entails new arguments or authorities that

---

[1] Instead, the Moving Defendants argued that GEICO's supposed RICO claims against <u>Hollis</u> should be dismissed based on a lack of distinctiveness, because GEICO alleged Hollis as the RICO "enterprise". However, as GEICO pointed out in its opposition papers on the underlying motion to dismiss, it <u>has not alleged</u> any RICO claims against Hollis as a RICO "person". Rather, it has alleged Hollis as the RICO "enterprise", and alleged the Moving Defendants as the RICO "persons". Thus, there are no RICO claims against Hollis to dismiss, because Hollis is not a defendant on GEICO's RICO claims.

2

were not before the Court on the underlying motion. Furthermore, reconsideration is appropriate if the Court misinterpreted or misapplied relevant case law in its underlying decision – and an aggrieved party is entitled to advance new arguments or authorities on reconsideration to demonstrate that the Court misinterpreted or misapplied relevant case law in its underlying decision. Moreover, reconsideration always is appropriate to correct a clear error or prevent manifest injustice, even if it new arguments or authorities are necessary to demonstrate the existence of a clear error or manifest injustice.

## ARGUMENT

### I. The Moving Defendants Misstate the Standards for Reconsideration, and GEICO's Motion Satisfies the Standards for Reconsideration

The Moving Defendants dedicate the bulk of their opposition papers to a partial statement of the standard for reconsideration. See Moving Defendants' Memorandum of Law ("Mov. Def. Memo") at pp. 2-3. Specifically, the Moving Defendants posit that, to be entitled to reconsideration, a party must demonstrate that the Court overlooked controlling decisions or factual matters that were put before it on the underlying motion. Id., citing Eisenmann v. Greene, 204 F.3d 393, 395, fn. 2 (2d Cir. 2000). By extension, the Moving Defendants contend that a party moving for reconsideration "may not advance new facts, issues or arguments not previously presented to the Court". Id., citing Reddy v. Salvation Army, 2008 U.S. Dist. LEXIS 87137 at * 5 (S.D.N.Y. 2008). Broadly speaking, this is the general rule.

However, there are several exceptions to the general rule that are applicable in the present case, which the Moving Defendants – unsurprisingly – fail to mention.

### A. GEICO Has Pointed to Relevant Case Law That the Court Misinterpreted or Misapplied in the Underlying Decision

First, "reconsideration is appropriate if a court 'misinterpreted or misapplied' relevant case law in its original decision". Allstate Ins. Co. v. Valley Physical Med. & Rehab., P.C., 555 F. Supp. 2d 335, 338 (E.D.N.Y. 2008). Notably, the "misinterpreted or misapplied" standard is an alternative standard for reconsideration, and – as such – it can be invoked even if a moving party is required to raise new authorities or arguments that were not previously before the Court in order to demonstrate that the Court misinterpreted or misapplied relevant case law in its underlying decision. See, e.g., Valley Physical Med. & Rehab., supra (noting that, as an alternative to the general rule permitting reconsideration based on matters that were before the Court on the underlying motion, but that the Court overlooked, a party may seek reconsideration if a Court misinterpreted or misapplied relevant case law in its underlying decision); see also Ohlson v. Cadle Co., 2010 U.S. Dist. LEXIS 37812 at * 6 (E.D.N.Y. 2010)(same); Pratesi v. New York State Unified Court Sys., 2010 U.S. Dist. LEXIS 99032 at * 4 (E.D.N.Y. 2010)(same).

In the present case, GEICO has set forth – in great detail – the manner in which the Court misinterpreted or misapplied Crab House and Riverwoods. See, e.g., GEICO's Memorandum of Law in Support of Motion for Reconsideration ("GEICO Opening Memo") at pp. 3-11. Notably, the Moving Defendants do not dispute that the Court misinterpreted or misapplied Crab House and Riverwoods, nor do they dispute the fact that the Court predicated its dismissal of GEICO's RICO claims on its interpretation of Crab House and Riverwoods. Because GEICO has identified relevant case law that the Court misinterpreted or misapplied in its September 1, 2011 Order, GEICO has satisfied an alternate standard for reconsideration and reconsideration therefore should be granted. Upon reconsideration, GEICO's RICO claims should be reinstated.

4

### A. Reconsideration is Necessary to Correct Clear Errors in the September 1, 2011 Order

Second, reconsideration always is appropriate to correct a clear error or to prevent manifest injustice. See, e.g., Yurman Studio, Inc. v. Castaneda, 2008 U.S. Dist. LEXIS 71232 at * 2 (S.D.N.Y. 2008). Again, a Court may apply this standard for reconsideration even if it entails the introduction of new arguments or authorities that were not before the Court on the underlying motion. See, e.g., AMTEC Int'l of NY Corp. v. Beverage Alliance LLC, 2011 U.S. Dist. LEXIS 114214 at * 2 (E.D.N.Y. 2011)("Pursuant to Local Rule 6.3, a motion for reconsideration will generally be denied unless the moving party can establish: (1) that the court overlooked controlling decisions or data [or] that there has been a change in decisions or data … **or** (4) that reconsideration is necessary to correct a clear error or prevent manifest injustice")(emphasis added; internal quotations and citation omitted); Trans-Pro Logistic, Inc. v. Coby Elecs. Corp., 2009 U.S. Dist. LEXIS 533 at * 9 (E.D.N.Y. 2009)("A motion for reconsideration pursuant to … Local Rule 6.3 will be granted if the moving party presents factual matters or controlling decisions the court overlooked that might materially have influenced its decision. … Reconsideration is **also** appropriate if there is an intervening change of controlling law, new evidence, or the need to correct a clear error or prevent manifest injustice.")(Emphasis added).

In the present case, GEICO has explained – at great length – why the Court's interpretation and application of Crab House and Riverwoods to dismiss GEICO's RICO claims constitutes clear error. See GEICO Opening Memo at pp. 3-11. Among other things, GEICO explained that the Court's interpretation and application of Crab House and Riverwoods is at odds with Supreme Court precedent (see, e.g., Cedric Kushner Promotions, Ltd. v. King, 533 U.S. 158 (2001)), precedent from the Eastern District of New York (see, e.g., Allstate Ins. Co. v. Rozenberg, 590 F. Supp. 2d 384, 391 (E.D.N.Y. 2008); State Farm Mut. Auto. Ins. Co. v.

5

Eastern Med., P.C., E.D.N.Y. Docket No. CV 05-3804, at Docket No. 148 (Vitaliano, J.)); and its own precedent (see, e.g., State Farm Mut. Auto. Ins. Co. v. CPT Med. Servs., P.C., 2008 U.S. Dist. LEXIS 71156 at * 32 - * 45, * 53 (E.D.N.Y. 2008)(Glasser, J.)). GEICO also pointed out that, taken to its logical conclusion, the Court's interpretation of Crab House and Riverwoods would immunize virtually every conceivable racketeer from RICO liability, because if owners, employees or agents of a RICO enterprise are insufficiently distinct from the enterprise to support RICO liability, then almost no racketeer can be held to account under the RICO statute.

Because GEICO has identified clear errors in the September 1st Order, GEICO has satisfied an alternate standard for reconsideration and reconsideration therefore should be granted. Upon reconsideration, GEICO's RICO claims should be reinstated.

### C. Reconsideration is Necessary Because the September 1, 2011 Order Was Predicated on a Ground That Was Not Raised or Argued by the Parties on the Underlying Motion

Third, reconsideration is appropriate where – as in the present case – a Court issues a decision that is predicated on a ground that was not raised or argued by the parties on the underlying motion.[2] For instance, in Hemric v. City of New York, 2002 U.S. Dist. LEXIS 4621 at * 10 (S.D.N.Y. 2002), the Court noted that:

> [T]o be successful on a motion for reconsideration, the movant usually must demonstrate that the Court has overlooked controlling decisions or factual matters that were presented to it on the underlying motion. ...
>
> ...
>
> Although the arguments presented by the City in connection with this motion for reconsideration have not previously been presented to the Court, they are nonetheless proper. In its February 13 ruling reinstating the ... claim, the Court relied on a ground ...

---

[2] As discussed above, reconsideration is appropriate to prevent manifest injustice. GEICO respectfully submits that it would be manifestly unjust and inequitable for the Court to dismiss its RICO claims on a ground that GEICO never had the opportunity to brief, and then to deny a motion for reconsideration of the dismissal.

6

that had not been argued by Hemric. Accordingly, because the City never had notice that this particular evidence might be the basis for reinstating the ... claim, it never had an opportunity to address the evidence. It is thus entirely proper to provide the City with an opportunity to address this evidence in the context of the current motion for reconsideration.

Similarly, in First Fin. Ins. Co. v. Allstate Interior Demolition Corp., 193 F.3d 109 (2d Cir. 1999), the defendant appealed from a District Court decision granting summary judgment, sua sponte, to plaintiff, and denying defendant's motion for reconsideration. The Second Circuit noted that the defendant was not on notice of the fact that the District Court was considering summary judgment, because the only motion before the District Court was a pre-discovery motion to dismiss four of the defendant's counterclaims. The defendant therefore argued that it never had the opportunity to muster any arguments in opposition to summary judgment. The Second Circuit reversed and remanded. Because the Second Circuit reversed, it never decided the question of whether the District Court erred in denying reconsideration. However, the Second Circuit did note, in dictum, that:

> The court intimated in the opinion denying reconsideration that the parties could have submitted additional evidence and/or arguments in support of their positions, during the year between submission of [plaintiff's] motion [to dismiss the four counterclaims] and the summary judgment decision. ... However, [defendant] had no reason to submit evidence or arguments going to the merits of the underlying claim, because it had no reason to think that the underlying claim was being decided in the context of so limited a pre-answer motion.

Id., 193 F.3d at 119.

In the present case, the Moving Defendants never argued that GEICO's RICO claims should be dismissed against them because there was a lack of distinctiveness between the Moving Defendants, as the RICO "persons", and Hollis, as the RICO "enterprise". Nor, by extension, did the Moving Defendants cite to Crab House and Riverwoods, the decisions upon which the Court predicated its decision to dismiss GEICO's RICO claims. Nor, for that matter,

7

did the Court or the Moving Defendants raise this argument or these cases during oral argument. As a result, GEICO was denied the opportunity to address these issues on the underlying motion. Reconsideration therefore is appropriate, because it would be unjust and inequitable to deny GEICO the opportunity to address a ground for dismissal that was not raised by the Moving Defendants, in any manner, on the underlying motion. Upon reconsideration, GEICO's RICO claims should be reinstated.

### D. Reconsideration is Appropriate to Permit GEICO to Introduce Relevant Authority That Was Not Before the Court When it Decided the Underlying Motion to Dismiss

Fourth – and relatedly – on a motion for reconsideration a party may introduce relevant authority that was not before the Court when it ruled on the underlying motion. See, e.g., Pratesi, supra at * 4 (granting motion for reconsideration based on relevant authority that was not before the Court on the underlying motion, and noting that, while a party may not – on a motion for reconsideration – "advance new facts, issues, or arguments not previously presented to the Court", it "may, however, introduce relevant authority that was not before the district court when it initially ruled on the matter … ." See also Valley Physical Med. & Rehab., supra, 555 F.Supp.2d at 338 (same).

In opposition to the underlying motion to dismiss, GEICO did not have the opportunity to introduce the monolithic set of relevant authority that contravenes the Court's application of Crab House and Riverwoods to dismiss its RICO claims. See, e.g., GEICO Opening Memo at pp. 3-13. GEICO did not have the opportunity to introduce this relevant authority because: (i) the Moving Defendants never advanced any arguments based on Crab House and Riverwoods, nor did they cite to these cases in the underlying motion; (ii) neither the Moving Defendants nor the Court raised these cases during oral argument; and (iii) the Court apparently applied Crab House

and Riverwoods on its own initiative, so GEICO never had the opportunity to address these cases.

Because GEICO may move for reconsideration based on relevant authority that was not before the Court on the underlying motion, and because the relevant authority advanced by GEICO would result in a different outcome on the underlying motion, reconsideration is warranted. Upon reconsideration, GEICO's RICO claims should be reinstated.

## II. The Moving Defendants' Other Arguments for Dismissal Lack Merit

To the extent that the Court grants GEICO's motion for reconsideration, the Moving Defendants urge the Court to reconsider the arguments for dismissal that they actually made on the underlying motion. However, for the reasons set forth in GEICO's opposition papers on the underlying motion (see Docket No. 35), all of these arguments fundamentally are at odds with the established precedent of this Court, and none of these arguments has any merit. Accordingly, these arguments provide no basis to dismiss GEICO's RICO claims.

## III. GEICO's Common Law Fraud Claims Against the John Doe Defendants Should be Reinstated

In opposition to the present motion for reconsideration, the Moving Defendants do not address GEICO's arguments to the effect that reconsideration is warranted with respect to those aspects of the September 1st Order that dismissed GEICO's common law fraud claims against the John Doe Defendants. For the reasons set forth in GEICO's opening memorandum, and herein, reconsideration is warranted and – upon reconsideration – GEICO's law fraud claims against the John Doe Defendants should be reinstated.

9

## **CONCLUSION**

For the reasons stated herein, GEICO's motion for reconsideration should be granted, and – upon reconsideration – the dismissed causes of action should be reinstated.

Dated: Uniondale, New York
       October 31, 2011

                         Respectfully submitted,

                         RIVKIN RADLER LLP


                         By:_____/s/_____
                              Barry I. Levy (BL 2190)
                              Michael A. Sirignano (MS 5263)
                              Max Gershenoff (MG 4648)
                              Frank P. Tiscione (FT 5396)
                              Tamika N. Hardy (TH 0569)

926 RXR Plaza
Uniondale, New York 11556-0926
Telephone:   (516) 357-3000
Facsimile:    (516) 357-3333

*Counsel for Plaintiffs, Government Employees Insurance Co., GEICO Indemnity Co, GEICO General Insurance Company and GEICO Casualty Co.*