**FILED**
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y

★ MAR 08 2012 ★

BROOKLYN OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------X
GOVERNMENT EMPLOYEES INSURANCE
CO., et al.

           Plaintiffs,

-against-

HOLLIS MEDICAL CARE, P.C., et al.

           Defendants,
----------------------------------------------------------------X

Docket No.: CV 10-4341
(ILG)(RML)

## JUDGMENT

On May 25, 2011, this Court entered an Order and Permanent Injunction against Defendants, David Hsu, M.D. ("Dr. Hsu") and Hollis Medical Care, P.C. ("Hollis")(collectively the "Hsu Defendants") based on a May 23, 2011 Stipulation executed by counsel for Plaintiff, Government Employees Insurance Co., GEICO Indemnity Co., GEICO General Insurance Company and GEICO Casualty Co. (collectively "Plaintiffs" or "GEICO") and counsel for the Hsu Defendants. On May 25, 2011 the Order and Permanent Injunction was filed with the Clerk of the Court.

**UPON** due consideration of the May 23, 2011 Stipulation between Plaintiffs and the Hsu Defendants, and the terms of the Order and Permanent Injunction, the Court finds as follows:

**WHEREAS**, an Order and Permanent injunction was entered against Dr. Hsu as well as Hollis Medical Care, P.C., Lenox Wellcare Medical, P.C. Rosedale Medical of New York, P.C., First Aid Medical Care, P.C., New Age Orthopedic Rehabilitation, P.C. and St. John Medical Care, P.C. (the "Hsu PCs") on May 25, 2011; and

**WHEREAS**, the Court ordered that Hollis Medical Care, P.C. was liable to Plaintiffs for damages in the amount of $1,500,000.00 and that judgment in said amount be entered thereon; and

**WHEREAS**, the Court ordered that pending satisfaction of the judgment that (i) all assets of Hollis Medical Care, P.C. are subject to attachment (with specified exceptions) by GEICO; and that (ii) Hollis, its agents, servants, attorneys, and all other persons and entities over which they have control or acting on its behalf, are enjoined and restrained from transferring, encumbering, dissipating, or wasting any such assets; and

**WHEREAS**, the Court Ordered that Dr. Hsu and the Hsu PCs, as well as any entity, attorney or individual purporting to represent or to act on behalf of the Hsu PCs are permanently enjoined and restrained from submitting any bills to or commencing any lawsuits, arbitrations, or other proceedings, either directly or indirectly, against GEICO for goods and/or healthcare related services provided by or through any of the Hsu PCs; now

**THEREFORE, IT IS ORDERED** that judgment be and is hereby entered against Hollis Medical Care, P.C. and in favor of GEICO in the amount of One Million Five Hundred Thousand ($1,500,000.00) Dollars. This judgment shall bear interest at the judgment rate from the date of its entry until paid; and it is further

**ORDERED** that Dr. Hsu and the Hsu PCs, as well as any entity, attorney or individual purporting to represent or to act on behalf of the Hsu PCs are permanently enjoined and restrained from submitting any bills to or commencing any lawsuits, arbitrations, or other proceedings, either directly or indirectly, against GEICO for goods and/or healthcare related services provided by or through any of the Hsu PCs; and it is further

**ORDERED** that all other terms of the May 25, 2011 Order and Permanent Injunction shall survive the entry and filing of this judgment.

E N T E R:

s/ILG

_____
I. Leo Glasser, U.S.D.J.

Dated: 3/8/12

2473362 v1